[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on July 15, 1988, a total of 11 years. Prior to the marriage they lived together for about 14 months. After several attempts at reconciliation, they finally separated in September of 1998. By complaint dated January 5, 1999, the Wife instituted this action claiming a dissolution of marriage, alimony, sole custody, child support, an equitable division of marital property, and other relief. The Husband did not file an answer and cross-complaint but was fully heard on all issues over parts of three days of trial.
Two children, issue of the marriage, were born to the Wife: Nicholas, born on November 17, 1988 and Mark, born on February 28, 1991. To the credit of both parties, they were able to come to an agreement on parenting issues which will be incorporated into this decree.
The Wife is 41 years of age, in good health, and has a Bachelor of Science degree. She was essentially a homemaker throughout the marriage, by agreement of both parties, although she did work from time to time in the business operated by the Husband, and did some part time work in a restaurant and for a mortgage company. Her plan is to return to work full time once the divorce is over but she indicates her first priority remains the children. Currently, her financial affidavit shows no employment income. It is anticipated that she will be gainfully employed in a short period of time. CT Page 5085-kz
The Husband is 43 years of age, in good health, and has a Bachelor of Science degree, two insurance certificates, and several credits towards an MBA. He operates Constitution Financial Services Corp., an insurance brokerage business owned equally by the parties. Prior to starting the business, beginning in 1980, he was employed in a managerial capacity at Prudential Insurance Company. Currently, his financial affidavit indicates a gross weekly income of $1,000.00, but in his testimony, he revealed an income of $5,000.00 per month for this year. The court finds he has an income capacity of at least $60,000.00 per year.
At the time of the marriage, the Husband had a Prudential Insurance Company pension which started accruing on June 30, 1980. Plaintiff's Exhibit 8 indicates that said pension would pay him $1,369.95 per month at age 65. It is also of note that the Wife received a gift of $50,000.00 from her grandfather which was used to purchase a residence. Her mother, who was a real estate agent, acted as broker on the purchase and sale of the first residence. All told, the mother forgave commissions of about $19,500.00 to assist the parties. The Wife's family also assisted her financially during the marriage and the divorce process when circumstances required it.
Currently the net assets of the parties are as follows:
25 Bullfrog Lane residence (Fair Market Value $325,000 less mortgage $245,000 = $80,000) $80,000.00 NFSC stocks 17,000.00 Money Market funds 6,000.00 Constitution Financial Services 75,000.00 Checking account Husband -0- Checking account Wife -0- Personal Property Wife 10,000.00 Personal Property Husband (95 Acura) 5,500.00
Total Assets $193,500.00
Liabilities of the Wife, excluding counsel fees for this action, include loans from her parents ($5,000), Uncle ($6,300), and cousin ($3,000). Liabilities of the Husband, excluding counsel fees for this action, include CitiBank ($6,600), Nations Bank ($8,500), People's Bank ($2,023), and ACT Student Loan ($1,700). He also indicated he had an IRS obligation of $9,500 for 1999 taxes but unfortunately no documentation was produced. His testimony indicated that the money market funds and stock account were money he had reserved for taxes. CT Page 5085-la
It would serve no useful purpose to chronicle the causes for the marriage breakdown which is clearly irretrievable. The Wife claimed there was frequent financial stress, the Husband came home late, and ultimately became involved with other women. At the present time he is living with a woman companion with whom he claims to share expenses. The Husband admitted to the financial stress and said that he pleaded with the Wife to go back to work to help with family finances. Suffice it to say, the Wife's claims regarding causes of the breakdown are more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
 CUSTODY AND VISITATION
The parties shall have joint legal custody of the minor children with physical custody to the Wife. The Husband shall have reasonable, liberal, and flexible rights of visitation including but not limited to the following: every Wednesday from 5 p.m. to 8 p.m.; every other weekend, Friday through Sunday; and three weeks of vacation per year.
CHILD SUPPORT
The Husband shall pay to the Wife as child support the sum of $263.00 per week pursuant to a contingent wage withholding order.
LIFE INSURANCE
The Husband shall name the minor children equal beneficiaries on the $50,000.00 Prudential Life Insurance Company policy insuring his life. Upon reasonable request, he shall furnish the Wife with satisfactory evidence that said policy is being properly maintained.
MEDICAL INSURANCE
The Husband shall maintain the medical and dental insurance he now has CT Page 5085-lb in force for the benefit of the minor children. All un-reimbursed medical and dental expenses, including prescriptive medicine, orthodonture, and psychological costs, shall be equally shared.
ALIMONY
The Husband shall pay to the Wife alimony of $275.00 per week for a period of 5 years pursuant to a contingent wage withholding order. In the event the Wife becomes employed full time prior to the expiration of the 5 year period, she shall promptly notify the Husband in writing including the income she is to receive.
REAL ESTATE
The Husband shall quit claim to the Wife his interest in the former marital residence located at 25 Bullfrog Lane, Trumbull subject to the outstanding mortgage which she shall assume saving the Husband harmless from any and all claims regarding same. Within two years from date, the Wife shall cause the Husband's name to be removed from the obligation of the mortgage.
PERSONAL PROPERTY
The personal property in each party's control shall remain their sole property with the exception of the two disputed etchings which are awarded to the Wife.
The Husband shall immediately transfer to the Wife the total balances in the money market account and the NFSC stock account.
Each party is to retain the checking accounts in their respective names.
The Husband is awarded the 1995 Acura automobile.
The Wife shall transfer to the Husband any interest she might have in the business known as Constitution Financial Services subject to all obligations concerning same which the Husband shall assume saving the Wife harmless from any and all claims regarding same. The Wife shall also immediately resign as an officer and director of said business.
RETIREMENT ASSETS
The Wife is awarded one-half of the Husband's Prudential Insurance Company pension, including survivors benefits, earned between the date of CT Page 5085-lc the marriage to the date of dissolution. Said award is to be made pursuant to a Qualified Domestic Relations Order to be prepared at the Husband's expense and certified by both counsel. The court will reserve jurisdiction to resolve any disputes concerning this order:
LIABILITIES
Each party shall be liable for the debts shown on their respective financial affidavits. All pendente lite orders are to be made current through the dissolution of marriage date.
COUNSEL FEES
Each party is to pay their own counsel fees which subject was considered by the court in the division of assets.
TAXES
Until the Wife becomes employed full time, 30 hours or more per week, the Husband shall be entitled to both tax exemptions for the minor children. Once the Wife becomes employed as indicated, she shall be entitled to the tax exemption for the younger child and the Husband the older child. By April 15 of each year, until there is no longer any financial obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein. Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.